**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | **No. 3:04-CR-00135** |
| | ) | **JUDGE TRAUGER** |
| | ) | |
| **MARK A. NOBLE** | ) | |
| **PATRICIA REED** | ) | |
| **RUSSELL HUNT** | ) | |

## ORDER SUBSTITUTING RESTITUTION RECIPIENT

Judgment was entered as to the above-named defendants as follows:

a. Defendant Mark A. Noble on January 24, 2006 (Docket Entry No. 164), wherein joint and several restitution in the amount of $219,483.82 was ordered to be paid to CIGNA - Center for Medicare and Medicaid Services,

b. Defendant Patricia Reed on February 7, 2006 (Docket Entry No. 172), wherein joint and several restitution in the amount of $12,666.66 was ordered to be paid to CIGNA - Center for Medicare and Medicaid Services and

c. Defendant Russell Hunt on September 23, 2009 (Docket Entry No. 243), wherein joint and several restitution in the amount of $113,247.85 was ordered to be paid to CIGNA - Center for Medicare and Medicaid Services as provided in the judgment (Docket Entry No. 243 at 3).

Based upon recent information provided by the Clerk's Office, it appears that Cahaba Government Benefit Administrators, LLC (Cahaba GBA) now administers Medicare health insurance for the Centers for Medicare and Medicaid Services for Part A and Part B claims in Alabama, Georgia, and Tennessee and Part B in Mississippi, instead of CIGNA. Accordingly, the aforementioned Judgments in this case are hereby amended to reflect that the name of the restitution

recipient is Cahaba GBA, and all future payments should be mailed payable to Cahaba GBA Part B Financial. The restitution balance of $127,725.59 shall be paid to Cahaba GBA Part B Financial.

The Court's authority to substitute the victim's name in the judgment is drawn from the All Writs Act (28 U.S.C. §1651 (a)), which expressly authorizes a federal court to issue such orders "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained."

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE